IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ADAM FLETCHER YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-146-D |
| | ) | |
| GARFIELD COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation issued August 27, 2008, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). After conducting a thorough analysis of the issues, United States Magistrate Judge Doyle W. Argo recommends that summary judgment be granted to Defendants Garfield County, Garfield County Detention Center Authority, Randy Coleman, Sheila Gabriel, and Tony Stokes on Plaintiff's Amended Complaint under 42 U.S.C. § 1983, granted in part and denied in part to Defendants Sheriff Bill Winchester and Misty Taylor, and denied to Defendant Tracy Dickson.[1]

Plaintiff, who appears *pro se*, has filed a timely objection in which he objects only to the recommended decision in favor of Defendant Garfield County. *See* Pl.'s Objection [Doc. No. 142]. The Court finds that Plaintiff has waived further review of all other issues addressed in the Report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 East*

---

[1] In the Report, Judge Argo also denies Defendants' Motion to Strike Plaintiff's Pleadings [Doc. No. 124], finding that Plaintiff's summary judgment responses were timely filed. This ruling on a nondispositive matter is governed by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Because no timely objection to this ruling has been made, it is not subject to review by the Court.

*30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Thus, the Court will grant Defendant Garfield County Detention Center Authority's Motion for Summary Judgment and Defendants Coleman, Taylor, Gabriel, Dickson, Stokes and Winchester's Motion for Summary Judgment with respect to Counts III and IV of the Amended Complaint (denial of access to the courts) and all claims against Defendants Coleman, Gabriel, and Stokes, as recommended by Judge Argo.

Defendants Taylor, Dickson and Winchester have filed a timely objection to the Report, opposing the denial of summary judgment with respect to Plaintiff's claims asserted in Counts I and II of the Amended Complaint (failure to protect from attacks by another inmate).[2] These defendants challenge Judge Argo's summary judgment analysis with respect to two issues: (1) whether Judge Argo correctly finds that the facts shown by the record demonstrate that Defendants had subjective knowledge of the risk of harm to Plaintiff before the attacks occurred and disregarded the risk; and (2) whether Judge Argo correctly finds that the constitutional violation shown by the record involved a clearly established right of which reasonable jailers would have known. Review of all other issues addressed in the Report, to which no specific objection has been made, is waived. *See 2121 East 30th Street*, 73 F.3d at 1060 ("firm waiver" rule requires a specific objection to preserve an issue for review).

Regarding the specific issues raised by the parties' objections, the Court must make a *de novo* determination of these issues, and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**1.      Garfield County**

---

[2] Defendant Dickson is named only in Count I regarding an attack on August 7, 2005.

Plaintiff contends that Judge Argo failed to consider the written agreement governing the operation and maintenance of the county jail, which authorized Garfield County through its Board of County Commissioners to oversee and monitor the sheriff's activities in operating the jail. Plaintiff also contends that Sheriff Winchester as a county officer could establish a municipal policy for which Garfield County could be held liable.

Plaintiff misapprehends the basis of Judge Argo's recommendation with regard to Garfield County. Judge Argo finds that "Plaintiff has not identified any specific municipal policy or custom that he alleges was the moving force behind the constitutional violations he claims, and he has not provided any evidence of any such policy or custom." *See* Report & Recom. [Doc. 141] ("Report") at 29. Plaintiff's arguments do not impact this finding. With respect to his failure-to-protect claims, Plaintiff does not point to any facts that would establish an official county policy or custom that caused inadequate protection of jail inmates from attacks by other prisoners. Thus, the Court fully concurs in Judge Argo's conclusion that summary judgment should be granted to Garfield County.

### 2. Subjective Knowledge of Substantial Risk

Defendants Winchester and Taylor contend that Judge Argo incorrectly concludes they had sufficient knowledge that another inmate, Enrique Sevilla, was likely to injure Plaintiff but disregarded the risk. Regarding the first attack on August 7, 2005, they contend the only warning came in a July 30, 2005, grievance in which Plaintiff simply complained that Sevilla was attempting to extort money in exchange for addresses of Plaintiff's family members and friends, which Sevilla had somehow obtained. Defendants also argue that evidence Plaintiff discussed the extortion attempt with Defendant Taylor suggests that Plaintiff's primary concerns were whether to pay Sevilla and the safety of his family and friends, but not a physical threat to Plaintiff. Concerning Plaintiff's second attack by Sevilla on August 19, 2005, Defendants rely on facts that Sevilla

3

confessed to the first attack but then provided information suggesting that Plaintiff had provoked him by entering Sevilla's cell and refusing to leave and that he and Plaintiff were actually friends.

Upon consideration of the summary judgment record, the Court finds that Defendants' arguments rely on facts stated most favorably to their position and overlook facts favorable to Plaintiff, inconsistent with the applicable summary judgment standard. Viewing the entire record, and giving Plaintiff the benefit of all reasonable inferences in his favor, a reasonable trier of fact could conclude that Defendants knew Sevilla presented a substantial risk of physical harm to Plaintiff but disregarded that risk.

Regarding the first attack, contrary to Defendants' argument that they had no reason to believe Sevilla's extortion involved a physical threat to Plaintiff, the Court notes that Defendants previously stated as an undisputed fact in their summary judgment brief that Plaintiff reported in his July 30 grievance he understood Sevilla's demand "as a 'veiled threat' to Plaintiff not to discuss the matter of the addresses with anyone." *See* Defs.' Mot. Summ. J. [Doc. 101] at 7, ¶ 21. Also, in his conversation with Defendant Taylor, Plaintiff stated his concern "that Sevilla would continue to threaten him." *See* Defs.' Mot. Summ. J. [Doc. 101] at 7, ¶ 21. In the context in which Sevilla's threat was made, and in view of the fact that Plaintiff disclosed Sevilla's conduct to jail officials, a reasonable inference which could be drawn is that Defendants Winchester and Taylor knew Plaintiff was at risk of retribution from Sevilla when the first attack occurred. Similarly, regarding the second attack, a factual issue is presented whether Defendants Winchester and Taylor reasonably believed, based on the fact Sevilla confessed to the first attack and reported his version of events, that he presented no further risk of injury to Plaintiff. Moreover, Defendants' additional argument that they were investigating the information Sevilla had given them about the first attack when the

second attack occurred, is improperly made for the first time in their objection.[3]  In any event, an examination of the investigator's report reveals that he was primarily investigating Sevilla's allegations regrading Plaintiff's activities and not Sevilla's first attack on Plaintiff.  *See* Taylor Aff. [Doc. 101-12] at 3-4.

Regarding Defendant Dickson, the basis of Plaintiff's claim against him is Dickson's alleged personal involvement in the first attack.  According to Plaintiff, Defendant Dickson was the jailer on duty in the control tower on August 7, 2005, when Plaintiff's cell door was electronically opened to permit Sevilla to enter the cell and attack Plaintiff.  Plaintiff's testimony that Dickson brought a mop and bucket to Plaintiff's cell after the attack to clean up Plaintiff's blood could reasonably show Defendant Dickson's knowledge of the attack at the time it occurred, not that Defendant Dickson simply learned about it afterward, as argued by Defendants.

In short, upon *de novo* review of the record, the Court finds that Plaintiff has presented sufficient facts that, if believed, establish violations of his constitutional right to reasonable safety with regard to both inmate attacks.  Therefore, summary judgment on the basis of Plaintiff's alleged failure to show a constitutional violation is inappropriate.

### 3. Clearly Established Law

Defendants also assert they are entitled to qualified immunity as a matter of law because the law was not clearly established in August, 2005, that the specific conduct shown by the record violated Plaintiff's constitutional rights.  Like their arguments concerning the existence of a constitutional violation, their arguments in support of this assertion – that a reasonable official would not have known that inmate Sevilla presented a threat to Plaintiff's physical safety – depend

---

[3] *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.")

on facts not established by the summary judgment record or factual inferences on which reasonable minds could differ. Thus, this issue cannot be determined as a matter of law, and summary judgment on the basis of qualified immunity is inappropriate.

## Conclusion

For these reasons, the Court adopts Judge Argo's Report and Recommendation [Doc. No. 141] and issues the recommended summary judgment rulings.

IT IS THEREFORE ORDERED that Defendants Randy Coleman, Misty Taylor, Sheila Gabriel, Tracy Dickson, Tony Stokes and Sheriff Bill Winchester's Motion for Summary Judgment [Doc. No. 101] is GRANTED in part and DENIED in part. Defendants Coleman, Gabriel, and Stokes are entitled to a judgment as a matter of law on all claims asserted by Plaintiff in his Amended Complaint under 42 U.S.C. § 1983. Defendants Taylor and Winchester are entitled to a judgment as a matter of law only on the claims asserted in Counts III and IV of the Amended Complaint alleging denial of access to the courts. Genuine disputes of material facts preclude summary judgment on Plaintiff's § 1983 claims against Defendants Taylor and Winchester in Counts I and II of the Amended Complaint and against Defendant Dickson in Count I alleging failure to protect Plaintiff from harm.

IT IS FURTHER ORDERED that Defendant Garfield County's Motion for Summary Judgment [Doc. No. 102] is GRANTED. Defendant Garfield County is entitled to a judgment as a matter of law on all claims asserted in the Amended Complaint.

IT IS FURTHER ORDERED that Defendant Garfield County Detention Center's Motion for Summary Judgment [Doc. No. 103] is GRANTED. Defendant Garfield County Detention Center Authority is entitled to a judgment as a matter of law on all claims in the Amended Complaint.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiff's Untimely Pleadings [Doc. No. 124] is DENIED.

IT IS SO ORDERED this  30th   day of September, 2008.

*[signature]*
_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE